# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

United States of America,                    Case No. 23-cr-248 (SRN/TNL)

                Plaintiff,

v.                                           **ORDER**

Dante Joseph Tyus,

                Defendant.

---

Andrew Dunn and Esther Soria Mignanelli, Assistant United States Attorneys, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for the Government); and

Catherine L. Turner, Attorney at Law PLLC, 331 Second Avenue South, Suite 705, Minneapolis, MN 55401 (for Defendant).

---

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on the following pretrial motions:

1.  The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2, ECF No. 9;

2.  Defendant's Motion for Disclosure of 404(b) Evidence, ECF No. 24;

3.  Defendant's Motion for Disclosure of Police Personnel Data, ECF No. 25;

4.  Defendant's Motion for Disclosure of Confidential Reliable Informants, Sources, and/or Concerned Citizens, ECF No. 26;

5.  Defendant's Motion for Disclosure of DNA Case File, ECF No. 27;

1

6. Defendant's Motion for Disclosure of Exculpatory Evidence and Impeaching Information, ECF No. 28;

7. Defendant's Motion for Government Agents to Retain Rough Notes, ECF No. 29;

8. Defendant's Motion for Counsel to Participate in Voir Dire, ECF No. 30; and

9. Defendant's Motion for Grand Jury Transcripts, ECF No. 32.

A hearing was held on October 13, 2023. ECF No. 34. Assistant United States Attorney Andrew Dunn appeared on behalf of the United States of America ("Government"). Attorney Catherine L. Turner appeared on behalf of Defendant.

Based upon the record, memoranda, and oral arguments, **IT IS HEREBY ORDERED** as follows:

1. The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2, ECF No. 9, is **GRANTED IN PART** and **DENIED IN PART**.

The Court's Amended Arraignment Order ordered the parties to disclose the identity of any expert witness and make all expert disclosures no later than 28 days before trial and make all rebuttal expert disclosures no later than 14 days before trial. ECF No. 21 at 2. The Government's motion seeks discovery available under Federal Rules of Criminal Procedure 12.1, 12.2, 12.3, 16(b), and 26.2, as well as the establishment of deadlines for the disclosure of expert witnesses. *See generally* ECF No. 9. Putting expert discovery aside, there were no objections to the Government's requests.

The Government seeks to establish deadlines for the parties to disclose any testimony the other intends to use under Rules 702, 703, or 705 of the Federal Rules of

Evidence.  *See* Fed. R. Crim. P. 16(a)(1)(G), (b)(1)(C).  The Government's motion proposes that principal experts be disclosed 30 days before trial and rebuttal experts be disclosed 10 days prior to trial. ECF No. 9 at 2-3. At the motions hearing, Defendant sought more time than outlined in the Court's Amended Arraignment Order.

The Court grants the Government's motion in part. No later than 30 days prior to trial the parties shall make their principal expert disclosures, and no later than 15 days prior to trial the parties shall make any rebuttal expert disclosures. *See* Fed. R. Crim. P. 16(a)(1)(G), (b)(1)(C).

2.  Defendant's Motion for Disclosure of 404(b) Evidence, ECF No. 24, is **GRANTED IN PART** and **DENIED IN PART**.

Defendant requests that the Government "immediately disclose any 'bad act' or 'similar course of conduct' evidence it intends to offer at trial pursuant to Rule 404(b)" and further requests the Government "to identify the witnesses through whom such evidence will be presented at trial."  ECF No. 24.  The Government agrees to provide notice of its intent to introduce 404(b) evidence and witnesses through whom such evidence is presented 14 days before trial. *See* Gov't's Consol. Resp. at 3-4, ECF No. 33.

Federal Rule of Evidence 404(b) requires the Government to provide reasonable written notice before trial when evidence of a crime, wrong, or other act will be used to "prov[e] motive opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Fed. R. Evid. 404(b)(2); *see* Fed. R. Evid. 404(b)(3)(A) (prosecutor must "provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it"), (C) (in

writing).  The Government is required to "articulate in the notice the permitted purpose for which the [Government] intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(B).

"Rule 404(b) . . . applies to the admission of wrongful-act evidence that is extrinsic to the charged offense . . . ." *United States v. Ruiz-Chavez*, 612 F.3d 983, 988 (8th Cir. 2010).  It does not apply to intrinsic evidence. *Id.*; *see also United States v. Beltz*, 385 F.3d 1158, 1162 (8th Cir. 2004) ("Evidence that is relevant to the crime charged is not other crimes evidence.").  "Evidence of other wrongful conduct is considered intrinsic when it is offered for the purpose of providing the context in which the charged crime occurred." *Ruiz-Chavez*, 612 F.3d at 988 (quotation omitted).

Rule 404(b) does not require that the Government "disclose directly or indirectly the names and addresses of its witnesses, something it is currently not required to do under [Fed. R. Crim. P.] 16."  Fed. R. Evid. 404(b) advisory committee's notes to 1991 Amendments; *see United States v. Polk*, 715 F.3d 238, 249 (8th Cir. 2013); *United States v. Hamilton*, 452 F.2d 472, 479 (8th Cir. 1971); *see also United States v. Miller*, 698 F.3d 699, 704 (8th Cir. 2012) ("In 1975, Congress amended Rule 16 to eliminate a requirement that the government disclose its witnesses prior to trial.").

The Court finds the Government's 14-day proposal reasonable.  As such, no later than 14 days prior to trial, the Government shall provide reasonable written notice of all "extrinsic" evidence then known to the Government that the Government intends to offer within the purview of Rule 404(b), articulating "the permitted purpose for which the [Government] intends to offer the evidence and the reasoning that supports the purpose."

4

Fed. R. Evid. 404(b)(3)(B).  At the motions hearing, the Government voluntarily agreed to identify witnesses through whom 404(b) evidence will be presented 14 days before trial. If the Government subsequently discovers additional extrinsic evidence, it shall provide reasonable notice of such evidence as soon as practicable after such discovery.  *See* Fed. R. Evid. 404(b)(3)(C). Defendant's motion is otherwise denied.

3.  Defendant's Motion for Disclosure of Police Personnel Data, ECF No. 25, is **GRANTED IN PART** and **DENIED IN PART**.

Defendant seeks disclosure of personnel data of law enforcement officers that were involved in the investigation that led to the charges against Defendant.  ECF No. 25 at 1. Defendant specifically asks the Court to order the Government to disclose police personnel data including, "the existence and status of any complaints or charges against the officers"; "[a]ny arbitration decisions containing a finding that the officer engaged in illegal activity, committed act(s) of dishonesty, violated the rights of individuals, or violated the policies of the respective law enforcement agency"; "any disciplinary records for the officers"; [c]opies of complaints and pleadings from any 42 U.S.C. § 1983 cases filed against the listed officers"; "current employment status of all law enforcement witnesses"; "criminal charges against the officers, and the disposition of any such cases"; "[a]ny judicial orders finding the officers' testimony not credible"; and a notice of any finding that none of the requested officer data was found. *Id.* at 1-2. The Government responds that it is aware of and will continue to comply with its discovery obligations under *Brady* and its progeny. Gov't's Consol. Resp. at 4. The Government specifically "agrees to seek a review of any testifying witness's personnel file to determine whether there is any *Giglio* materials in

those files and agrees to disclose any such material in due course and well in advance of trial." *Id.*

"The Due Process Clause of the Fifth Amendment requires the government to disclose to the accused favorable evidence that is material to guilt or punishment." *United States v. Dones-Vargas*, 936 F.3d 720, 722 (8th Cir. 2019) (citing under *Brady v. Maryland*, 373 U.S. 83, 87 (1963)). Further, "[t]he [Supreme] Court has extended *Brady* protection to witness-credibility evidence when the reliability of the witness 'may well be determinative of guilt or innocence.'" *United States v. Sigillito*, 759 F.3d 913, 930 (8th Cir. 2014) (quoting *Giglio v. United States*, 405 U.S. 150, 154 (1972)); *see also United States v. Whitehill*, 532 F.3d 746, 753 (8th Cir. 2008) ("*Brady* applies to exculpatory and impeachment evidence, whether or not the accused has specifically requested the information." (citations omitted)). "One reason for this extension to witness-credibility evidence is because exposure of a witness's motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination." *Sigillito*, 759 F.3d at 930 (quotation omitted). The Eighth Circuit Court of Appeals "ha[s] determined that witness motivations, like the payment of money as an incentive to change testimony, fall within the *Brady* disclosure requirement." *Id.* (citing *United States v. Librach*, 520 F.2d 550, 554 (8th Cir. 1975)). "Furthermore, the prosecutor must disclose the possibility of a reward that gives the witness a personal stake in the defendant's conviction." *Id.* (citing *United States v. Bagley*, 473 U.S. 667, 683 (1985)).

Nevertheless, "[a] federal criminal defendant generally has no right to know about government witnesses prior to trial." *Polk*, 715 F.3d at 249 (quotation omitted); *see*

*Hamilton*, 452 F.2d at 479 ("The request for statements of witnesses not to be called at trial is merely another way of determining whether the co-conspirators named in the indictment would be witnesses at trial, . . . [and] the identity of witnesses is information the government is not normally required to supply to the criminal defendant." (quotation omitted)); *United States v. Wisman*, No. 4:06CR0036 DJS/TCM, 2006 WL 587601, at *2 (E.D. Mo. Mar. 9, 2006) ("The statements of a non-witness are not discoverable.").

Defendant's motion and request for disclosure of police personnel data, is granted in part to the extent that the Government shall comply fully with its obligations under *Brady*, *Giglio*, and their progeny.  If the Government subsequently discovers additional exculpatory or impeachment evidence, it shall disclose such evidence as soon as practicable after such discovery.  To the extent Defendant seeks discovery and disclosures outside the Government's obligations under these authorities or seeks materials that have already been produced, such request is denied.  *See United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000) ("Criminal defendants do not have a general constitutional right to discovery.").

4.  Defendant's Motion for Disclosure of Confidential Reliable Informants, Sources, and/or Concerned Citizens, ECF No. 26, is **GRANTED IN PART** and **DENIED IN PART**.

Defendant requests that the Government be ordered to disclosure the identity of any and all informants utilized by the Government in this case including informants that actively participated and or was a percipient witness to the crime Defendant is charged with. ECF No. 26 at 1. Defendant asks that the identity of each informant include "his or her name, address and telephone and pager numbers, as well as the informant's prior

7

record, promised immunities, and any other evidence affecting the issues of bias or credibility." *Id.* Defendant also asks for permission to conduct an interview of each informant to discover impeachment and bias evidence. *Id.* In response, the Government asserts the privilege to withhold the identity of a confidential informant. Gov't Consol. Resp. at 5. The Government argues that disclosure is not required because the informant is akin to a tipster. *Id.* at 6.

To determine whether disclosure of an informant's identity is required, "the threshold issue is whether the informant is a material witness." *Carpenter v. Lock*, 257 F.3d 775, 779 (8th Cir. 2001). "Where the witness is an active participant or witness to the offense charged, disclosure will almost always be material to the accused's defense." *Devose v. Norris*, 53 F.3d 201, 206 (8th Cir. 1995) (footnote omitted).

Defendant's request is granted in part to the extent any informants were witnesses to the crime Defendant is charged with, or will be witnesses at Defendant's trial, or whose testimony will be material to the determination of the case. *See United States v. Bias*, No. CR 17-318 (SRN/FLN), 2018 WL 3336770, at *2 (D. Minn. July 6, 2018) ("Defendant's motion is granted to the extent that any informants were percipient witnesses to the crimes with which [defendant] is charged, or will be witnesses at [defendant's] trial, or whose testimony will be material to the determination of the case against [defendant]. The government is obliged to comply with this standard."). *See also United States v. Alcantar*, 271 F.3d 731, 739 (8th Cir. 2001) (government had no obligation to reveal informant's identity where informant did not participate in crime charged or testify at trial); *United States v. Hollis*, 245 F.3d 671, 676 (8th Cir. 2001) (finding no obligation for the

government to reveal the informant's identity when the informant did not participate in the offense charged and the government did not intend to call the informant as a witness at trial).

"In *Roviaro v. United States*, the Supreme Court recognized the government's privilege to withhold the identity of a confidential informant." *Alcantar*, 271 F.3d at 739 (citing *Roviaro*, 353 U.S. 53, 59 (1957)).  "In cases involving 'tipsters' who merely convey information to the government but neither witness nor participate in the offense, disclosure is generally not material to the outcome of the case and is therefore not required."  *United States v. Harrington*, 951 F.2d 876, 878 (8th Cir. 1991) (citing *United States v. Bourbon*, 819 F.2d 856, 860 (8th Cir. 1987)). Defendant bears the burden of showing beyond mere speculation that the disclosure of informants and cooperating individuals would be material and helpful to his case.  *United States v. Roberson*, 439 F.3d 934, 940 (8th Cir. 2006).  "If a trial court orders disclosure absent a showing of materiality, it abuses its discretion." *Bias*, 2018 WL 3336770, at *2.

Here, Defendant has not offered any information to show that there are any other confidential informants that would be material to the determination of his case.  *See United States v. Grisham*, 748 F.2d 460, 463-64 (8th Cir. 1984) (a defendant has the burden of showing materiality, which "requires more than speculation that the evidence an informant may provide will be material to overcome the government's privilege to withhold the identity of the informant.").   Accordingly, Defendant has not met his burden of demonstrating the need for the disclosure of any other confidential informants beyond mere speculation and therefore his motion is denied in part.

9

5.   Defendant's Motion for Disclosure of DNA Case File, ECF No. 27, is **GRANTED IN PART** and **DENIED IN PART**.

Defendant seeks disclosure of the entire Bureau of Criminal Apprehension file relating to Lab No. S19-17473. ECF No. 27 at 1. The Government responded to this request at the motions hearing. *See generally* Gov't's Consol. Resp. At the hearing, the Government agreed to make available the complete DNA file and informed the Court that before the hearing the Government had requested a copy of the DNA file. Defendant's motion is granted to the extent that responsive information subject to disclosure under Federal Rule of Criminal Procedure 16(a)(1)(F) remains in the Government's control and has not yet been produced.

At the hearing, the Government objected to Defendant's requests in paragraphs 20 through 24 of this motion and argued that paragraphs 20 through 24 go beyond Rule 16(a)(1)(F). *See* ECF No. 27 at 3. To the extent Defendant seeks information or materials outside the Government's disclosure obligations under Rule 16(a)(1)(F) or assent to such information and materials have already been produced, his motion is denied. *See Johnson*, 228 F.3d at 924.

6.   Defendant's Motion for Disclosure of Exculpatory Evidence and Impeaching Information, ECF No. 28, is **GRANTED IN PART** and **DENIED IN PART**.

Defendant seeks disclosure of evidence favorable to him under *Brady*, *Giglio*, and their progeny.  ECF No. 28 at 1.  Defendant also requests that the Government's disclosures include: statements of any indicted or unindicted witnesses which either exculpate Defendant or contradict the statements of other witnesses; reports of interviews relating to

10

any such statements; items seized from parties not charged which identify them and not Defendant; any offers made to prospective Government witnesses; prior convictions of prospective Government witnesses; records and information of misconduct or bad acts of prospective Government witnesses; identification of each time prospective Government witnesses testified before any court, grand jury, or tribunal, or narrated any statement or information concerning this case; and records and information that could be helpful or useful to Defendant in impeaching or detract from the probative force of the Government's evidence. *Id.* at 1-2. The Government responds that it will comply with its discovery obligations under *Brady* and its progeny. Gov't Consol. Resp. at 7.

The Court previously addressed the Government's general obligation to disclose all exculpatory evidence as required by *Brady*, *Giglio*, and their progeny. *See supra* ¶ 3. Nevertheless, to reiterate and further emphasize, "[t]he Due Process Clause of the Fifth Amendment requires the government to disclose to the accused favorable evidence that is material to guilt or punishment." *Dones-Vargas*, 936 F.3d at 722 (citing *Brady*, 373 U.S. at 87). Further, "[t]he [Supreme] Court has extended *Brady* protection to witness-credibility evidence when the reliability of the witness 'may well be determinative of guilt or innocence.'" *Sigillito*, 759 F.3d at 930 (quoting *Giglio*, 405 U.S. at 154); *see also Whitehill*, 532 F.3d at 753 ("*Brady* applies to exculpatory and impeachment evidence, whether or not the accused has specifically requested the information." (citations omitted)). "One reason for this extension to witness-credibility evidence is because exposure of a witness's motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination." *Sigillito*, 759 F.3d at 930 (quotation omitted). The

Eighth Circuit Court of Appeals "ha[s] determined that witness motivations, like the payment of money as an incentive to change testimony, fall within the *Brady* disclosure requirement." *Id.* (citing *Librach*, 520 F.2d at 554). "Furthermore, the prosecutor must disclose the possibility of a reward that gives the witness a personal stake in the defendant's conviction." *Id.* (citing *Bagley*, 473 U.S. at 683).

"A federal criminal defendant generally has no right to know about government witnesses prior to trial." *Polk*, 715 F.3d at 249 (quotation omitted); *see Hamilton*, 452 F.2d at 479 ("The request for statements of witnesses not to be called at trial is merely another way of determining whether the co-conspirators named in the indictment would be witnesses at trial, . . . [and] the identity of witnesses is information the government is not normally required to supply to the criminal defendant." (quotation omitted)); *Wisman*, 2006 WL 587601, at *2 ("The statements of a non-witness are not discoverable.").

Defendant's motion and requests for information, including statements regarding indicted and unindicted witnesses interviewed, is granted in part to the extent that the Government shall comply fully with its obligations under *Brady*, *Giglio*, and their progeny. If the Government later discovers additional exculpatory or impeachment evidence, it shall disclose such evidence as soon as practicable after such discovery.

To the extent Defendant seeks discovery and disclosures outside the Government's obligations under these authorities or seeks materials that have already been produced, such request is denied. *See Johnson*, 228 F.3d at 924 ("Criminal defendants do not have a general constitutional right to discovery."). Further, to the extent Defendant seeks the statements of non-testifying witnesses not otherwise encompassed within the

12

Government's disclosure obligations, these requests are likewise denied.  *See Hamilton*, 452 F.2d at 479; *Wisman*, 2006 WL 587601, at *2.

7.  Defendant's Motion for Government Agents to Retain Rough Notes, ECF No. 29, is **GRANTED**.

Defendant requests an order directing that all law enforcement agents, including any confidential reliable informants, retain and preserve all rough notes taken as part of their investigation.  ECF No. 29 at 1.  The Government does not object to the retention of rough notes and does not oppose Defendant's motion. Gov't's Consol. Resp. at 7. At the hearing, however, the Government objected to the disclosure of any rough notes.

Defendant's request for the retention of rough notes is granted.  To the extent that it has not already done so, the Government shall direct its agents to preserve any rough notes pertaining to this matter.

8.  Defendant's Motion for Counsel to Participate in Voir Dire, ECF No. 30, is **DENIED WITHOUT PREJUDICE.**

Defendant requests that his counsel be permitted to participate in voir dire. ECF No. 30 at 1. The Government does not oppose this motion and defers to the Court. Gov't's Consol. Resp. at 8.

"Jury voir dire is an aspect of trial procedure and management that is entirely within the discretion of the trial court."  *United States v. Crown*, No. 07-cr-4313 (PJS/AJB), 2008 WL 783405, at *3 (D. Minn. Mar. 24, 2008); *accord United States v. Moore*, No. 19-cr-306 (ADM/BRT), 2020 WL 729298, at *4 (D. Minn. Feb. 13, 2020); *see United States v. Dukes*, No. 15-cr-165(14) (JRT/LIB), 2015 WL 10382395, at *7 ("Counsel's participation

13

in voir dire is a matter for the trial judge shortly before trial.") (D. Minn. Nov. 10, 2015), *report and recommendation adopted*, 2016 WL 829902 (D. Minn. Mar. 1, 2016). Accordingly, Defendant's motion is denied without prejudice. *See United States v. Jaunich*, No. 07-cr-328 (PAM/JSM), 2008 WL 114897, at *1 (D. Minn. Jan. 10, 2008) (motion for counsel to participate in voir dire should have been denied without prejudice "leaving the final decision on the participation of counsel in voir dire" to the district court).

9. Defendant's Motion for Grand Jury Transcripts, ECF No. 32, is **DENIED**.

Defendant requests production of grand jury transcripts for the witnesses the Government intends to call at trial. ECF No. 32. Defendant asks the Court to order disclosure of such transcripts 30 days before trial. *Id.* The Government states that it will comply with its obligations under the Jencks Act, Federal Rules of Criminal Procedure 26.2 and 12(h) as well as its obligations under *Brady*, *Giglio*, and their progeny. Gov't's Consol. Resp. at 8. *See also supra* ¶ 6. The Government argues that Federal Rule of Criminal Procedure 16(a)(3) exempts grand jury transcripts from disclosure because Defendant in this case did not testify before the grand jury. *Id.*

"It has long been recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings.  This principle is reflected in Rule 6(e) which establishes a general rule of confidentiality for all matters occurring before the grand jury."  *United States v. McDougal*, 559 F.3d 837, 840 (8th Cir. 2009) (quotation and citation omitted).  "Exceptions to the rule of nondisclosure will be made only where there is a 'particularized need.'"  *United States v. Haire*, 103 F.3d 697, 699 (8th Cir. 1996); *accord United States v. Broyles*, 37 F.3d 1314, 1318 (8th Cir. 1994) ("It is well-established

that a showing of 'particularized need' is necessary before the court will accede to such a release.").

Defendant has not made any showing of particularized need for grand jury materials. Therefore, his request for disclosure of grand jury materials is denied except to the extent the Government is otherwise obligated to disclose such materials. *See United States v. Daniels*, 232 F. App'x 611, 612 (8th Cir. 2007) (per curiam) (no abuse of discretion in denying motion for grand jury transcripts given defendant's "failure to make any showing in support of his request for them"); *Broyles*, 37 F.3d at 1318.

Although Defendant's motion is being denied, the Court notes that the Government has represented that it disclosed "the transcript of the only non-law-enforcement witness who testified before the grand jury." Gov't's Consol. Resp. at 8. The Government likewise confirmed that "[s]hould a law enforcement witness who has testified before the grand jury testify at trial or at a hearing, the United States will provide the transcript of that witness's testimony as well." *Id.*

10. All prior consistent orders remain in full force and effect.

11. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like.

[Continued on next page.]

Date: December 8, 2023

_s/ Tony N. Leung_
Tony N. Leung
United States Magistrate Judge
District of Minnesota


_United States v. Tyus_
Case No. 23-cr-248 (SRN/TNL)