UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 23-cr-248 (SRN/TNL) |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| DANTE JOSEPH TYUS, | ) | |
| | ) | |
| Defendant. | ) | |

Esther Mignanelli, Assistant United States Attorney, 300 South Fourth Street, Room 600, Minneapolis, MN 55415, counsel for the Government.

Catherine L. Turner, 331 Second Ave. S., Ste. 705, Minneapolis, MN 55401, counsel for Defendant.

Before the Court are the Objections [Doc. No. 40] filed by Defendant Dante Joseph Tyus to Magistrate Judge Tony N. Leung's December 8, 2023 Report and Recommendation ("R&R) [Doc. No. 38]. In the R&R, Magistrate Judge Leung recommended that Defendant's Motion to Suppress Evidence Obtained as a Result of Searches Pursuant to Warrant [Doc. No. 31] be denied. For the reasons set forth below, the Court overrules Defendant's Objections, adopts the R&R in its entirety, and denies the motion to suppress evidence.

I.  **BACKGROUND**

Tyus is charged with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He moves to suppress evidence obtained from two search warrants. The first warrant authorized the search of a 2004

1

Chrysler Pacifica minivan (hereafter, "vehicle warrant"), and the second warrant permitted officers to obtain a DNA sample from Tyus via a buccal swab (hereafter, "DNA warrant"). (Gov't Exs. 1 (Vehicle Warrant, Appl., & Inventory) & 2 (DNA Warrant Appl. & Warrant).)

Minneapolis Police Officer Jeff Werner, a 25-year veteran of the police department with specialized training and experience in narcotics investigations (including related items such as firearms, money, and contraband), obtained and executed the two search warrants in early October 2019. (Vehicle Warrant Appl. at 1–2.)

A.   **Vehicle Warrant**

In the application for the vehicle warrant, Officer Werner explained that a confidential reliable information ("CRI") had contacted him with information obtained by the CRI in the preceding 72 hours. (*Id*. at 2.) The CRI informed Officer Werner that a person named Dante Tyus had been arrested for fleeing police in a motor vehicle, and the vehicle had been towed to an impound lot. (*Id*.) The CRI stated that the arresting officers had been unable to locate a black, semi-automatic 9 mm handgun that was still inside the vehicle. (*Id*.)

Further, Officer Werner attested, "This CRI has provided information to law enforcement several times in the past that has proven to be reliable. It has also led to the recovery of illegal narcotics and firearms and people being charged and convicted of those crimes." (*Id*.)

After receiving the CRI's tip, Officer Werner consulted the Hennepin County Jail roster and found that a person named Dante Joseph Tyus was in custody for fleeing police

2

and DWI, having been arrested by the Minnesota State Patrol in late September 2019. (*Id.*) After confirming with the State Patrol that they had arrested Tyus and impounded the 2004 Chrysler Pacifica that he was driving, the State Patrol informed him that the vehicle was currently held at their impound lot in Columbia Heights, Minnesota. (*Id.*) Officer Werner then checked Tyus's criminal history and found that he was a convicted felon and was ineligible to possess a firearm. (*Id.*)

Shortly thereafter, Officer Werner applied for and obtained a search warrant from a Minnesota state court judge, authorizing the search of the Chrysler Pacifica for any firearms and related accessories, as well as any items that documented a relationship to a particular address, or that showed that a crime had occurred (including clothing, documents, mail, rental/lease agreements, cell phones, or keys). (*Id.* at 1.) After conducting a search of the vehicle, Officer Werner seized a loaded, black semi-automatic handgun. (*Id.* at Inventory; DNA Warrant Appl. at 2.)

**B.     DNA Warrant**

Officer Werner applied for a second search warrant in order to obtain a DNA sample from Tyus to compare to a sample obtained by laboratory technicians from the recovered firearm. (DNA Warrant Appl. at 1.) In the application, Officer Werner restated much of the content contained in the vehicle warrant application, along with the fact that officers seized the handgun pursuant to the vehicle warrant. (*Id.* at 2–3.)

A Minnesota state court judge authorized the warrant and officers obtained a DNA buccal swab.

### C. Defendant's Motion to Suppress, the R&R, and Defendant's Objections

As noted, Tyus was subsequently charged with unlawful possession of a firearm in federal court. He moves to suppress the evidence seized pursuant to the vehicle warrant and the DNA warrant, arguing that the supporting applications lacked probable cause.[1] Specifically, Tyus contends that the warrant applications contained insufficient information about the reliability of the CRI, and did not contain other independent corroborating evidence.

In the R&R, Magistrate Judge Leung found that the search warrants provided the issuing judges with a substantial basis to conclude that probable cause existed. (R&R at 5–6.) He recommended the denial of Defendant's suppression motion. (*Id*.)

In his Objections to the R&R, Tyus reiterates his argument that the warrants were not supported by probable cause because they contained insufficient information about the CRI's reliability and no other corroborating evidence.

## II.  DISCUSSION

The district court reviews the magistrate judge's recommendations on dispositive matters de novo, undertaking an independent analysis of those portions of the R&R to which a party objects. 28 U.S.C. § 636(b)(1)(C); *see also* D. Minn. L.R. 72.2(b)(3).

The Fourth Amendment guarantees the "right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures" and that

---

[1] Although Defendant's suppression motion enumerated other grounds for relief (Def.'s Mot. to Suppress at 1–2), his counsel confirmed at the suppression hearing that Tyus's motion was based on a four-corners probable cause review of the two search warrants. (*See* R&R at 4.) Therefore, the R&R solely addressed this issue.

"no warrants shall issue, but upon probable cause supported by Oath or affirmation." U.S. Const. Amend. IV; *United States v. Williams*, 477 F.3d 554, 557 (8th Cir. 2007). Probable cause exists where there is a "fair probability that contraband or evidence of a crime will be found in a particular place given the circumstances set forth in the affidavit." *United States. v. Tellez*, 217 F.3d 547, 549 (8th Cir. 2000).

When an issuing judge relies solely upon a supporting affidavit to issue a search warrant, "only that information which is found within the four corners of the affidavit may be considered in determining the existence of probable cause." *United States v. O'Dell*, 766 F.3d 870, 874 (8th Cir. 2014). Judges issuing search warrants may "draw reasonable inferences from the totality of the circumstances" when reading a warrant application to determine whether probable cause exists. *United States v. Keele*, 589 F.3d 940, 944 (8th Cir. 2009) (quoting *United States v. Alexander*, 574 F.3d 484, 490 (8th Cir. 2009)).

When a CRI's information is provided in support of a search warrant application, the issuing judge "considers the informant's reliability and the basis of his knowledge." *United States v. Lucca*, 377 F.3d 927, 933 (8th Cir. 2004) (citing *Illinois v. Gates*, 462 U.S. 213, 233 (1983)). An informant's tip can sufficiently establish probable cause if the informant has a history of supplying reliable information or if the tip is corroborated by other evidence. *United States v. Gabrio*, 295 F.3d 880, 883 (8th Cir. 2002). "The totality of the circumstances analysis . . . does not mandate that both factors be present before a warrant may issue." *Lucca*, 377 F.3d at 933.

### A. Vehicle Warrant

Defendant argues that Officer Werner failed to provide sufficient details about the CRI's past reliability, (Def.'s Objs. at 2), but the Court disagrees. As set forth in the vehicle warrant application, the CRI provided the information directly to law enforcement within 72 hours of learning the information. (Vehicle Warrant Appl. at 2.) The CRI's prior information had "led to the recovery of illegal narcotics and firearms and people being charged and convicted of those crimes." (Vehicle Warrant Appl. at 2.) This information demonstrated that the CRI had a reliable track record and, accordingly, it was sufficient to establish probable cause. *See Lucca*, 377 F.3d at 933 (finding sufficient probable cause for warrant where CRI had track record of providing reliable information, leading to three successful felony controlled substance convictions, five controlled substance purchases, and four pending controlled substance convictions); *Gabrio*, 295 F.3d at 883 (finding informant's past provision of reliable information on at least two occasions was sufficient to show reliability); *United States v. Wright*, , 975 (8th Cir. 1998) (informant's history of reliability was demonstrated by successful controlled purchases of crack cocaine).

While Tyus also argues that Officer Werner did not include any independent corroborating information in the vehicle warrant application, (Def.'s Objs. at 2), he is incorrect for two reasons. First, as Magistrate Judge Leung observed, where the informant's past information has been demonstrated to be reliable, there is no requirement that independent corroborating evidence also be present. *Lucca*, 377 F.3d at 933; *see also United States v. Goodson*, 165 F.3d 610, 614 (8th Cir. 1999) (noting that "statements of a reliable confidential informant are themselves sufficient to support probable cause for a

6

search warrant" and the confidential informant's reliability can be established by their track record of providing truthful information ) (citing *United States v. Formaro*, 152 F.3d 768, 770 (8th Cir. 1998)).  By contrast, "where a previously unknown informant provides information, the informant's lack of a track record requires 'some independent verification' to establish the reliability of the information." *United States v. Brown*, 49 F.3d 1346, 1349 (8th Cir. 1995).  The Court agrees with Magistrate Judge Leung that here, the CRI's proven track record of providing law enforcement with accurate information was sufficient to establish probable cause for the vehicle warrant.

Second, the warrant applications *did* contain corroborating information.  In both applications, Officer Werner recounted that after receiving the CRI's tip, he consulted police records and the Minnesota State Patrol and learned that a person named Dante Tyus had been arrested for fleeing police officers, and the vehicle that he was driving had been impounded—facts that matched the CRI's information. (Vehicle Warrant Appl. at 2; DNA Warrant Appl. at 2.)  While these facts are not incriminating in isolation, they are relevant to the probable-cause analysis.  *See United States v. Buchanan*, 574 F.3d 554, 562 (8th Cir. 2009) ("Even the corroboration of minor, innocent details can suffice to establish probable cause.").  At the very least, such corroboration suggested that the CRI's information about the presence of a black semi-automatic gun in the impounded vehicle was also reliable.

### B. DNA Warrant

Likewise, the DNA search warrant application was supported by probable cause. The application for the DNA warrant was based, in part, on the CRI's same underlying information used to support the vehicle warrant application. (DNA Warrant Appl. at 2.)

7

This information led to the recovery of the firearm from the vehicle that Tyus had been driving, the Chrysler Pacifica—a fact included in the DNA warrant application, which provided additional support for the DNA search warrant, as it further corroborated the CRI's tip that a black semi-automatic gun would be found in the vehicle. (*Id.*)

For these reasons, as Magistrate Leung found, the issuing judge had a substantial basis for finding probable cause to issue the DNA warrant, as the information in the search warrant application demonstrated a fair probability that Defendant's DNA would be recovered from the firearm. (R&R at 6.)

### C. Good-Faith Exception

Finally, although not addressed in the R&R, even if probable cause was found lacking upon subsequent review of the search warrants, under the good-faith exception to the exclusionary rule, exclusion of evidence is not automatically required. *United States v. Leon*, 468 U.S. 897 (1984). Evidence need not be suppressed if it was objectively reasonable for the officer executing the search warrant to have relied in good faith on the issuing judge's determination of probable cause. *United States v. Norey*, 31 F.4th 631, 635 (8th Cir. 2022) (citing *United States v. Mayweather*, 993 F.3d 1035, 1041 (8th Cir. 2021)). In determining whether an officer had an objectively reasonable belief in the existence of probable cause, courts assess "'the totality of the circumstances, including information known to the officer but not presented to the issuing judge.'" *Norey*, 31 F.4th at 635 (citing *United States v. Fiorito*, 640 F.3d 338, 345 (8th Cir. 2011)). Only if the officer knew or should have known that the search was unconstitutional under the Fourth Amendment should the evidence be suppressed. *Mayweather*, 993 F.3d at 1041 (citing *United States v.*

*Koch*, 625 F.3d 470, 477 (8th Cir. 2010)).  Tyus has not demonstrated that any exceptions to the good-faith rule apply.  Thus, it cannot be said that a reasonable officer executing the search warrants should have realized that doing so would violate the Fourth Amendment, despite the fact that a judge had signed them.  *United States v. Ortiz-Cervantes*, 868 F.3d 695, 702–03 (8th Cir. 2017).

Accordingly, for all of these reasons, the court adopts the R&R, overrules Tyus's Objections and denies his Motion to Suppress.

**THEREFORE, IT IS HEREBY ORDERED** that

1. Defendant's Objections [Doc. No. 40] are **OVERRULED**;

2. The R&R [Doc. No. 38] is **ADOPTED**;

3. Defendant's Motion to Suppress Evidence Obtained as a Result of Searches Pursuant to Warrant [Doc. No. 31] is **DENIED**.

Dated: February 5, 2024

                                                s/Susan Richard Nelson
                                                SUSAN RICHARD NELSON
                                                United States District Judge